## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR194** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JUAN MEDINA-ALVAREZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant, Juan Medina-Alvarez's, Notice of Appeal filed by the defendant. (Filing No. 155). The defendant appeals the Memorandum and Order (Filing No.154) in which this court denied his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") as successive.

Also before the court is the defendant's motion to proceed in forma pauperis ("IFP") on appeal and his Prisoner Trust Account Statement. (Filing Nos. 156 &157)  After reviewing all of the records, I conclude the petitioner may proceed IFP in this appeal, as the appeal is taken in good faith.

However, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....

>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-1604 (2000), citing Barefoot v. Estelle, 103 S. Ct. 3383, 3394 (1983) (which defined the former standard for a certificate of probable cause to appeal) (internal quotation marks omitted). Where the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling. Id.

For the reasons set forth in filing no. 154, denying the defendant's § 2255 motion, I conclude that the defendant has not made a substantial showing of the denial of a constitutional right and has not shown that this court's order was debatable or incorrect, as required by 28 U.S.C. § 2253(c). Accordingly, a Certificate of Appealability is denied.

However, Fed. R. App. P. 22(b) permits the defendant to request a Certificate of Appealability from the Court of Appeals.

    THEREFORE, IT IS ORDERED:

    1.    That the defendant may proceed in forma pauperis on appeal;

    2.    That a Certificate of Appealability is denied; and

    3.    That the Clerk of Court shall process this appeal to the Eighth Circuit .

    DATED this 22nd day of November, 2006.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            United States District Judge